UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2022
```

TYRONE PETERS,

                Plaintiff,

-against-

CORRECTION OFFICER HUTTEL *et al.*,

                Defendants.

No. 15-cv-9274 (NSR)

ORDER GRANTING REQUEST FOR
PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Tyrone Peters ("Plaintiff") brings this action, *pro se*, against Correction Officer ("CO") Daniel Huttel, CO Jeffrey Erns, and Sergeant Duane Malark (collectively, "Defendants"), alleging claims under 18 U.S.C. § 1983. (ECF Nos. 38, 45.) On December 5, 2019, this Court granted Defendants' motion for partial summary judgment. (ECF No. 92.) As a result, the sole remaining cause of action in this lawsuit is related to a claim of excessive force against CO Huttel, CO Erns, and Sergeant Malark.

      During the parties' status conference, held on January 24, 2020, Plaintiff expressed interest in the Court appointing *pro bono* counsel. As Plaintiff has a claim that has survived summary judgment this Court concludes Plaintiff's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Accordingly, on February 21, 2020, the Court granted Plaintiff's request for *pro bono* counsel. (ECF No. 94.) A jury trial was set for October 4, 2021, but the action was discontinued after the parties advised the court of their settlement. (ECF No. 122.) However, Plaintiff withdrew from the parties' negotiated settlement (ECF No. 123), and the Court subsequently denied Defendants' motion to enforce the settlement agreement because it was never memorialized in writing. (ECF No. 145.)

      During the parties' pretrial conference, held on September 9, 2022, Plaintiff expressed

interest in continuing this action, which is set for a five-to-six-day jury trial starting on May 15, 2023. The Court set a final pretrial conference for December 8, 2022. The Court indicated that it would renew its order granting Plaintiff's request for *pro bono* counsel.

The appointment of counsel in this matter would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Accordingly, the Court GRANTS Plaintiff's renewed application for the Court to request *pro bono* counsel.

The Court again advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys and the ongoing COVID-19 pandemic, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at the address listed on ECF and to show service on the docket.

Dated:   September 9, 2022
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge